# In the United States Court of Federal Claims

No. 18-628C
Filed: November 14, 2019
NOT FOR PUBLICATION

| | |
|---|---|
| MCLEOD GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Entry of Final Judgment; RCFC 54(b). |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

*Richard P. Rector*, Counsel of Record, *Dawn E. Stern*, Of Counsel, DLA Piper US LLP, Washington, DC; *Joshua B. Duvall*, Matross Edwards, LLC, Washington, DC, for plaintiff.

*Sonia W. Murphy*, Trial Attorney, *Patricia M. McCarthy*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Charlene T. Storino*, *Christine R. Couvillon*, Of Counsel, Acquisition and Procurement, United States Department of Homeland Security, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

**I.    INTRODUCTION**

In this Contract Disputes Act ("CDA") case, plaintiff, McLeod Group, LLC ("McLeod"), alleges that the United States Department of Homeland Security breached its contractual obligations under a blanket purchase agreement (the "BPA") and certain task orders issued pursuant to the BPA. *See generally* Compl. On April 4, 2019, the Court issued a Memorandum Opinion and Order granting the government's partial motion to dismiss Counts I, II and V of the complaint, upon the ground that the Court does not possess subject-matter jurisdiction to consider McLeod's claims based upon the BPA (the "April 4, 2019, Decision"). *McLeod Grp., LLC v. United States*, 142 Fed. Cl. 558, 563-66 (2019).

On October 30, 2019, McLeod filed an unopposed motion for entry of partial final judgment with respect to its BPA claims, pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Pl. Mot. For the reasons set forth below, the Court **GRANTS** McLeod's unopposed motion for entry of partial final judgment.

## II.   LEGAL STANDARDS

### A.   RCFC 54

RCFC 54 provides, in relevant part, that:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

RCFC 54(b). When deciding a motion for entry of judgment pursuant to RCFC 54(b), the Court makes a determination of finality and a determination that there exists no just reason for delay in certifying an issue for immediate appeal. *Samish Indian Nation v. United States*, 85 Fed. Cl. 525, 528-29 (2009). With respect to finality, the Court must determine whether there exists a "cognizable claim for relief" that ultimately disposes of "'an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). And so, for a decision to be final, there must be an individual or separable claim or party and the Court must have made a ruling on that claim that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1357 (Fed. Cir. 2003) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). "The requirement of finality is a statutory mandate and not a matter of discretion." *Id.* (citing *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992)); *accord Sears, Roebuck*, 351 U.S. at 437 (noting that federal district courts cannot "treat as 'final' that which is not 'final' within the meaning of 28 U.S.C. § 1291").

In determining whether there is no just reason for delay, the Court "must take into account judicial administrative interests, as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8; *see also Favell v. United States*, 22 Cl. Ct. 132, 142 (1990) ("It is a well settled

principle that under Section 54(b) of the Rules of the United States Claims Court that the 'determination' of whether a matter should be subject of an immediate appeal, is left to the sound discretion of the trial court . . . ." (citing *Brown v. United States*, 3 Cl. Ct. 409, 413 (1983))); *Abbey v. United States*, 101 Fed. Cl. 239, 241 (2011). The Court may also consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. In this regard a "bare recitation of the 'no just reason for delay' standard of Rule 54(b) is not sufficient, by itself, to properly certify an issue for immediate appeal." *iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008) (internal citations omitted). And so, the Court must find "'some danger of hardship or injustice through delay which would be alleviated by immediate appeal,'" to grant a motion for entry of judgment. *Cherokee Nation of Oklahoma v. United States*, 23 Cl. Ct. 735, 738 (1991) (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978)).

### III.  DISCUSSION

The Court agrees with McLeod that a determination of finality and a determination that there exists no just reason for delay in certifying for immediate appeal with respect to the issue of whether the Court may consider McLeod's BPA claims is appropriate in this case. *Samish Indian Nation v. United States*, 85 Fed. Cl. 525, 528-29 (2009). And so, the Court **GRANTS** McLeod's motion for entry of partial final judgment. RCFC 54(b).

First, the Court makes a determination of finality with respect to McLeod's BPA claims. A review of the Court's April 4, 2019, Decision makes clear that the decision "end[ed] the litigation" with respect to McLeod's Contract Disputes Act claims based upon the BPA. *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1357 (Fed. Cir. 2003) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). In the April 4, 2019, Decision, the Court dismissed Counts I, II and V of the complaint for lack of subject-matter jurisdiction, because the Court determined that the BPA is not a contract with the government that can be relied upon to establish jurisdiction in this case. *McLeod Grp., LLC v. United States*, 148 Fed. Cl. 558, 563-66 (2019). As McLeod correctly argues in its motion for entry of partial final judgment, the subject BPA claims are separate from the remaining claims in the complaint—which are based upon the

3

alleged breach of a task order.  Pl. Mot. at 6; *compare* Compl. at ¶¶ 101-112, 119-123, *with* Compl. at ¶¶ 81-99, 114-118 (showing that Counts III, IV and VI rely upon Task Order 526 and Counts I, II and V rely upon the BPA).  Because the Court's April 4, 2019, Decision ended the litigation on the merits with respect to McLeod's BPA claims, the Court's decision is final with respect to these claims.  *Ultra-Precision Mfg.*, 338 F.3d at 1357.

McLeod also persuasively argues that there is no just reason to delay entry of final judgment with respect to the aforementioned BPA claims.  As discussed above, Mcleod's BPA claims are separable from the remaining claims in this litigation.  There is also no risk of duplicative appellate review, if the Court grants McLeod's motion, because the issue of whether the BPA constitutes a contract with the government will not impact the remaining breach of contract claims in this case.  McLeod also argues with persuasion that postponing the appeal of the Court's decision to dismiss its BPA claims could result in hardship and require McLeod to conduct duplicative discovery.  Pl. Mot. at 6.  And so, the Court determines that there is no just reason to delay entry of final judgment with respect to Mcleod's BPA claims.  *Samish Indian Nation*, 85 Fed. Cl. at 528-29.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** McLeod's unopposed motion for entry of partial final judgment.  There being no just reason for delay, the Clerk is **DIRECTED TO ENTER FINAL JUDGMENT** with regards to Mcleod's BPA claims, pursuant to RCFC 54(b).

**IT IS SO ORDERED.**

    s/ Lydia Kay Griggsby
    LYDIA KAY GRIGGSBY
    Judge